[No. 38172.    Department Two.    October 20, 1966.]

JAMES J. MITCHELL, *Appellant*, v. UNITED BUCKINGHAM FREIGHT LINES *et al., Respondents.**

*Benn Agor,* for appellant.

*Kahin, Horswill, Keller, Rohrback, Waldo & Moren,* for respondents.

PER CURIAM.—The sole question presented by plaintiff's four assignments of error is the court's refusal to give plaintiff's requested instruction that defendants were chargeable with negligence as a matter of law for their alleged violation of a city ordinance.

We find no merit in the assignments. The jury was correctly instructed; the requested instruction does not state the law.

Instruction No. 7 instructed the jury as to the applicable portion of the Seattle traffic ordinance which concerns parking at a place where traffic signs prohibit it.

Instruction No. 8 (to which no error was assigned) states:

The violation, if you find there was such a violation, of a statute or ordinance governing the operation of motor vehicles *is negligence as a matter of law.*

While the violation of a positive statute or ordinance is negligence, such negligence will not bar recovery on the part of a plaintiff, nor will it render a defendant liable for damages, *unless such violation proximately contributed to or proximately caused the injury.* (Italics ours.)

Plaintiff's requested instruction is deficient because it does not instruct that the violation of an ordinance must be a proximate cause of the accident.

The judgment of dismissal, entered after a jury verdict for defendant, is affirmed.